UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DIAMOND CONTRACTORS, INC.,** | : | 3:12cv317 (WWE) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **IPT, LLC,** | : | |
| Defendant. | : | |

**MEMORANDUM ON MOTIONS TO DISMISS AND MOTION TO TRANSFER**

The genesis of this action is an alleged agreement for services to be rendered by plaintiff Diamond Contractors, Inc. for defendant IPT, LLC.  Plaintiff has alleged claims of breach of contract, unjust enrichment, quantum meruit, breach of the covenant of good faith and fair dealing, promissory estoppel, negligent misrepresentation, fraudulent misrepresentation, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA").  For the following reasons, the motion to dismiss will be denied in part and granted in part.

**BACKGROUND**

The following factual background is based on the allegations of plaintiff's complaint.

Plaintiff is a Missouri corporation, and defendant is a Connecticut limited liability company.  Defendant handles cleaning and maintenance for certain national companies including Blockbuster.  It executed a Service Provider Agreement with plaintiff to perform services including maintenance services such as store closings.

In addition to work that plaintiff agreed to provide pursuant to the Service Provider Agreement, defendant requested that plaintiff perform trash clean-up work and hire locksmiths for certain Blockbuster store locations.  Defendant agreed to pay plaintiff for the services, labor and expenses related to the trash clean-up and locksmith

work.  Plaintiff performed this work and later provided defendant with an invoice for the amount of $35,105.

To date, defendant has failed to pay plaintiff for the work performed under the Service Provider Agreement and the additional work requested by defendant.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Unjust Enrichment and Quantum Meruit

Defendant argues that plaintiff's unjust enrichment and quantum meruit claims must be dismissed because plaintiff has alleged the existence of a written contract. Defendant maintains that the Service Provider Agreement contemplated that defendant may need to request emergency services such as the additional services alleged in the complaint.

Unjust enrichment and quantum meruit are equitable remedies that apply where a

plaintiff cannot recover under an express contract.  Kelly v. Noble Environmental Power, LLC, 2012 WL 753750, *6 (Conn. Super. 2012).  In this instance, plaintiff may plead the claims of unjust enrichment and quantum meruit in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2) to the extent that the additional services may be found to be outside the contemplation of the Service Provider Agreement.  The motion to dismiss will be denied.

### Breach of the Covenant of Good Faith and Fair Dealing

Defendant asserts that the claim of breach of the covenant of good faith and fair dealing fails because plaintiff has not sufficiently alleged bad faith on the part of defendant.

The duty of good faith and fair dealing is implied in every contractual relationship, and a claim for breach thereof requires that the plaintiff demonstrate that the defendant engaged in bad faith that impeded the plaintiff's right to receive the contract benefits. Walters v. Generation Financial Mortgage, LLC, 2011 WL 2533704, *2 (D. Conn. 2011). To plead bad faith as required for the breach of the duty of good faith and fair dealing, a plaintiff is not required to plead allegations of fraud with particularity; instead, it may plead deception and sinister motive to satisfy the bad faith element.  Andersen v. Governor & Co. of the Bank of Ireland, 2011 WL 6001621, *6 (D. Conn.).

Here, plaintiff alleges that defendant promised to pay plaintiff for its services, and when presented with an invoice, it failed to do so.  The Court finds that such allegations support a claim that defendant acted in bad faith.  Accordingly, the complaint states a plausible cause of action for breach of the covenant of good faith and fair dealing, and the motion to dismiss will be denied.

Promissory Estoppel

Defendant argues that the claim should be dismissed because the services rendered were subject to a written contractual agreement.

The elements of promissory estoppel are: (1) a clear and definite promise which a promisor could reasonably have expected to induce reliance; (2) the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and (3) the other party must change its position in reliance on those facts, thereby incurring some injury. Torrington Farms Ass'n. v. Torrington, 75 Conn. App. 570, 576 n. 8 (2003).  Generally, promissory estoppel applies if there is no consideration for the promise or if a contract action to enforce the promise cannot be maintained.  Ferrucci v. Town of Middlebury, 2010 WL 2365291, *7 (Conn. Super. 2010).  Plaintiff may plead this claim in the alternative in the event that the additional services rendered were not covered by the written contract.

Negligent Misrepresentation

Defendant argues that plaintiff has failed to allege facts that support a plausible claim of negligent misrepresentation.  Defendant also asserts that the economic loss doctrine bars this claim.

A claim of negligent misrepresentation requires (1) that defendant made a misrepresentation of fact that it knew or should have known was false and (2) that plaintiff reasonably relied on the misrepresentation and suffered pecuniary harm as a result. Nazami v. Patrons Mut. Ins. Co., 280 Conn. 619, 625 (2006).   Plaintiff has alleged that defendant falsely represented that it would pay plaintiff if it performed the

work requested. Plaintiff alleges that defendant has not paid for the work performed. The Court finds that plaintiff has sufficiently stated a plausible negligent representation claim.

Further, the Court finds that the economic loss doctrine does not bar this claim. The economic loss doctrine prohibits recovery in tort where the basis for the tort claim arises from violation of a contract and damages are limited to purely economic losses. Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 164 (D. Conn. 2010). The doctrine generally applies to contracts for the sale of goods and does not typically apply to tort claims arising from out of a contract for services. Smith Craft Real Estate Corp. v. Handex of Conn., Inc., 2004 WL 1615896, *4 (Conn. Super. 2004).

This Court notes that some Connecticut superior courts have broadened the economic loss doctrine to apply to cases that do not concern contracts for the sale of goods. See Dispazio v. Oakleaf Waste Management, LLC, 2011 WL 1026094, *4 (Conn. Super. 2011). However, this Court finds that the cases endorsing a narrow application of the economic loss doctrine are better reasoned. An underlying rationale for the economic loss doctrine is that the remedies provided for in Article 2 of the Uniform Commercial Code, which governs the remedies available in cases involving the commercial sale of goods, are inconsistent with tort remedies. See Hoydic v. B & E Juices, Inc., 2008 WL 803642, *5 (Conn. Super. 2008). Thus, confining application of the economic doctrine to cases involving the commercial sale of goods is appropriate. The instant case does not involve the sale of goods, and thus, the negligent misrepresentation claim is not barred by the economic loss doctrine.

Fraudulent Misrepresentation

Defendant asserts that plaintiff's fraudulent misrepresentation claim is not pleaded with particularity as required by Federal Rule of Civil Procedure 9. Plaintiff requests the opportunity to replead its claim with more particularity. The Court will dismiss the claim without prejudice and permit plaintiff to replead.

CUTPA

Defendant maintains that the CUTPA claim fails because the allegations describe a breach of contract rather than any unfair or deceptive business practice.

CUTPA provides, in relevant part, that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). The Connecticut Supreme Court has adopted the following factors known as the "cigarette rule" to determine whether a trade practice is unfair or deceptive: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors, or other businessmen." A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990). In order to prove that the practice is unfair, it is sufficient to meet only one of the criteria or to demonstrate that the practice meets all three criteria to a lesser degree. Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368 (1999). A plaintiff must

allege "aggravating circumstances, beyond a mere breach of contract, that brings the claim within the cigarette rule." Pollock v. Panjabi, 47 Conn. Supp. 530, 535 (4th Cir. 1989).

According to plaintiff's allegations, defendant has failed to pay plaintiff without any justification, which indicates that defendant has acted in bad faith or in an immoral, unethical, oppressive or unscrupulous manner. At this stage in the pleadings, plaintiff has a plausible CUTPA claim.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED as to all claims except the claim of fraudulent misrepresentation, which is dismissed without prejudice.

Dated this __25th___ day of January, 2013 at Bridgeport, Connecticut.

---------------/s/-----------------------------
Warren W. Eginton
Senior U.S. District Judge